IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENCIL GREEN, | Case No. 1:10-cv-01768 AWI JLT (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THE DISMISSAL OF |
| vs. | CERTAIN CLAIMS AND DEFENDANTS |
| DR. LARRY N. FERGUSON, et al., | (Docs. 10 & 12) |
| Defendants. | |
| _____/ | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On August 8, 2011, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found that it states the following cognizable claims: (1) inadequate medical care in violation of the Eighth Amendment against Defendants Ferguson and Lackovic; and (2) retaliation in violation of the First Amendment against Defendants Ferguson and Lackovic. (Doc. 10.) However, the Court also found that Plaintiff's remaining allegations failed to state a cognizable claim. (Id.) In particular, Plaintiff's allegations fell shy of stating (1) a cognizable access to the courts claim against Defendant Ferguson; and (2) cognizable inadequate medical care claims against Defendants Obaiza, Walker, and Wilson. (Id.) The Court also found that Plaintiff could not recover injunctive relief on his Eighth Amendment claims and could not recover damages on his official capacity claims. (Id.)

Plaintiff was therefore afforded two options. First, Plaintiff was given the option of filing an amended complaint that cured the deficiencies identified by the Court in its screening order. Second,

Plaintiff was given the option of filing notice with the Court indicating that he wished to proceed only on those claims found cognizable by the Court. On August 12, 2011, Plaintiff chose the second option and filed written notice with the Court indicating that he wished to proceed only on those claims found cognizable by the Court. (Doc. 12.)

Accordingly, it is **HEREBY RECOMMENDED** that:

1. Plaintiff's Eighth Amendment inadequate medical care claims against Defendants Obaiza, Walker, and Wilson be **DISMISSED** for failure to state a claim;

2. Plaintiff's First Amendment access to the courts claim against Defendant Ferguson be **DISMISSED** for failure to state a claim;

3. Plaintiff's requests for injunctive relief on his Eighth Amendment inadequate medical care claims be **DISMISSED** as preempted by Coleman v. Schwarzenegger, No. 2:90-cv-00520 LKK JFM (E.D. Cal.);

4. Plaintiff's request for monetary damages on his official capacity claims be **DISMISSED** as barred under the Eleventh Amendment; and

5. This action be allowed to proceed on the following claims: (1) inadequate medical care in violation of the Eighth Amendment against Defendants Ferguson and Lackovic; and (2) retaliation in violation of the First Amendment against Defendants Ferguson and Lackovic.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. If Plaintiff chooses to file such a document, it should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 16, 2011**                                       /s/ Jennifer L. Thurston
                                                                                 UNITED STATES MAGISTRATE JUDGE