IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENCIL GREEN,<br><br>            Plaintiff,<br><br>       vs.<br><br>DR. LARRY N. FERGUSON, et al.,<br><br>            Defendants.<br>_____/ | Case No. 1:10-cv-01768 AWI JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(Doc. 26) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.

**I.    Motion for preliminary injunction**

On February 27, 2012, Plaintiff filed a motion for preliminary injunction.[1] (Doc. 26) In it, Plaintiff complains that he has been repeatedly denied "priority user status" at the law library. Id. at 2-3. Plaintiff complains that the Law Librarian, J. Guzman, and the Legal Officer, I. Vela Lopez, refused to honor his "priority library user request" on December 5, 2011, January 6, 2012, January 10, 2012, January 12, 2012. Id. Plaintiff claimed that he had concomitant "legal deadlines" on January 6, 2012, January 17, 2012, January 20, 2012 and February 10, 2012, respectively. Id.

---

[1] This is second motion for preliminary injunction Plaintiff has filed in this case. In the first such motion, Plaintiff sought an order requiring Defendants to provide him immediate counseling. (Doc. 3) The Court denied this motion because he failed to meet his burden of proving that this extraordinary relief should be granted. (Docs. 11, 14)

1

In his current motion, Plaintiff claims that he will be irreparably harmed if this continues because he will "default on his cases and incur sanctions for missing his legal deadlines." (Doc. 26 at 1) He seeks an injunction prohibiting Guzman and Vela Lopez from denying him access to the law library. Id.

A preliminary injunction is an "extraordinary remedy." Winters v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." (Citations omitted). A stronger showing of one element, however, may offset a weaker showing of another. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-35 (9th Cir. 2011) (the sliding scale approach to balancing the elements for a preliminary injunction survives Winters).

Once again, Plaintiff has not met his burden of proving that preliminary relief is warranted. See Environmental Council of Sacramento v. Slater, 184 F.Supp. 1016, 1027 (E.D. Cal. 2000) (party moving for a preliminary injunction carries the burden of proof on each element of the test). Notably, the preliminary injunction he seeks now, would be imposed on third parties who are unrelated to this litigation.[2] (Doc. 26 at 1) Moreover, the subject matter of his current request–access to the law library–is unrelated to the merits of this litigation which claims inadequate medical care. (Doc. 13 at 1) Thus, in his current motion, Plaintiff has not demonstrated that there is any likelihood that he will prevail on the merits of the underlying litigation. Moreover, even if he did make this showing, the requested relief has no relationship to this underlying litigation.[3]

Second, the Court notes that, though Plaintiff claims he faced imminent legal deadlines on January 6, 2012, January 17, 2012, January 20, 2012 and February 10, 2012, which necessitated his access to the law library (Doc. 26 at 2-3), <u>not one of these claimed deadlines involve this current action</u>. In fact, Plaintiff has not had a deadline imposed by this case since October 2011. (Doc. 17) Though he has an upcoming discovery deadline on May 23, 2012, there is no showing that this would require that

---

[2] The only defendants in this case are Ferguson, Lackovic, Baiza, Walker and Wilson. (Doc. 13 at 1)

[3] Plaintiff is advised that the mere filing of a lawsuit does not entitle him or the Court to issue orders to those who do not come within the Court's jurisdiction, including employees of the CDCR.

2

Plaintiff have access to the law library. Thus, Plaintiff has not demonstrated that he faces irreparable harm if the injunction is denied.

Accordingly, for all the reasons set forth above, **IT IS HEREBY RECOMMENDED** that Plaintiff's February 27, 2012 motion for a preliminary injunction (Doc. 26) be **DENIED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). Within 21 days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Any document containing written objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See **Martinez v. Ylst**, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 21, 2012**                                        **/s/ Jennifer L. Thurston**
                                                                                        UNITED STATES MAGISTRATE JUDGE